UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MERIDIAN AUTONOMOUS INC., MERIDIAN USA, and GLOBAL RESOURCES MANAGEMENT CONSULTANCY INC.,<br><br>  Plaintiffs,<br><br>  v.<br><br>COAST AUTONOMOUS LLC, PHOENIX WINGS, LTD., EMAPSCAN LLC, PIERRE LEFEVRE, MATTHEW LESH, COREY CLOTHIER, CYRIL ROYERE, JONATHAN GARRETT, ADRIAN SUSSMANN, CHRISTIAN DODD, and DAVID M. HICKEY,<br><br>  Defendants. | Case No. 1:17-cv-05846<br><br>**COMPLAINT FOR (1) THEFT AND CONVERSION, (2) BREACH OF DUTY OF LOYALTY, (3) TRADE SECRET MISAPPROPRIATION, (4) BREACH OF CONTRACT (CONFIDENTIALITY AGREEMENT), (5) BREACH OF CONTRACT (EMPLOYMENT AGREEMENT), (6) UNFAIR COMPETITION, (7) UNJUST ENRICHMENT**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiffs Meridian Autonomous Inc. and Meridian USA ("Meridian") and Global Resources Management Consultancy Inc. ("GRMC") file this Complaint for conversion, breach of loyalty, misappropriation of trade secrets, breach of contract (Confidentiality Agreement), breach of contract (Employment Agreement), unfair competition, and unjust enrichment against Defendants and alleges as follows:

## PARTIES

1.      Plaintiff Meridian has created an innovative mobility solution for a range of autonomous electric vehicles that are able to carry passengers and goods.  Meridian is focused on "urban-speed" autonomous solutions that integrate with existing traffic management systems and transport modes.  Meridian's new generation SLAM (Simultaneous Localization and Mapping) provides best in-class accuracy with dynamically updated proprietary mapping and localization

software.  Meridian is a New York corporation with its principal place of business in Clearwater, Florida.

2. Plaintiff GRMC is a New York corporation with its principal place of business in New York, New York.

3. Upon information and belief, Defendant Coast Autonomous LLC ("Coast Autonomous") is a California limited liability company with its principal place of business in Pasadena, California.

4. Upon information and belief, Defendant Phoenix Wings, Ltd. ("Phoenix Wings") is a United Kingdom company with its principal place of business in London, England.

5. Upon information and belief, Defendant EMapscan LLC ("eMapscan") is a Florida limited liability company whose address is 1217 Sunset Dr., Clearwater, FL 33755.

6. Upon information and belief, Defendant Pierre Lefevre is a resident of France, the Chief Technology Officer of Coast Autonomous, a principal of Phoenix Wings, and a principal of eMapscan.  Upon information and belief, Mr. Lefevre's address is 1217 Sunset Dr., Clearwater, FL 33755.

7. Upon information and belief, Defendant Cyril Royere is a resident of the United States, Robotics Chief at Coast Autonomous, and a principal of Phoenix Wings.

8. Upon information and belief, Defendant Corey Clothier is a resident of the United States and is the Chief Operations Officer of Coast Autonomous.

9. Upon information and belief, Defendant Adrian Sussmann is a resident of the United States and is Managing Director of Coast Autonomous.

10. Upon information and belief, Defendant David M. Hickey is a resident of the United States and is Managing Director of Coast Autonomous.

11. Upon information and belief, Defendant Christian E. Dodd is a resident of the United States and is General Counsel of Coast Autonomous.

12. Upon information and belief, Defendant Matthew Lesh is a resident of the United States and is the Chief Commercial Officer of Coast Autonomous.

13.     Upon information and belief, Defendant Jonathan Garrett is a resident of Phoenix, Arizona.

## JURISDICTION AND VENUE

14.     This is an action for, *inter alia*, trade secret misappropriation arising under the United States Defense of Trademark Act of 2016, 18 U.S.C. §§ 1836, *et seq*.  Thus, this Court has subject matter jurisdiction under 28 U.S.C. § 1331.  In addition, this Court has jurisdiction under 28 U.S.C. § 1332 because this case involves citizens of different states and the amount in controversy exceeds $75,000.

15.     This Court has personal jurisdiction over Defendants because they have purposefully availed themselves of the privileges and benefits of the laws of the State of New York, including through dealings with Plaintiffs.

16.     Personal jurisdiction exists over Defendants because they have sufficient minimum contacts with New York as a result of obtaining Plaintiffs' misappropriated trade secrets and converted property in this state, including with or as part of Coast Autonomous.

17.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391.

## FACTUAL BACKGROUND

18.     The Plaintiff Meridian was created to pursue Plaintiff GRMC's initiatives directed to the development autonomous vehicles.

19.     Meridian included Defendants Lefevre, Royere, Clothier, Lesh, and Garrett in its development of autonomous vehicles as employees.  Defendant Lefevre operated under the guise of and as the alter ego of Phoenix Wings in his dealings with Meridian and GRMC.

20.     As part of its investment in the development of autonomous vehicles, Meridian secured facilities in Florida at which Defendants Lefevre, Royere, Clothier, Lesh, and Garrett worked on Meridian's development of autonomous vehicles, including the integration system and software for autonomous vehicles (such as for Olli) and the conversion of Electric bus (WORLD BUS) , flat bed--logistic platform, delivery vehicle and golf carts,etc.  Meridian entrusted Defendants Lefevre, Royere, Clothier, Lesh, and Garrett to act as its managing agents

3

of the Florida facilities, including by providing them with complete control over the access to and security of the Florida facilities and by providing them with the only sets of keys to the Florida facilities.

21.    Plaintiff Meridian secured substantial amounts of physical equipment valued at hundreds of thousands of dollar for the Meridian facilities in Florida, including three electric vehicles from third party manufacturers for conversion to the Meridian autonomous system, two golf carts, a flatbed truck, a VMS Road and Rail Mapping System, and numerous embedded components, electrical and mechanical parts, electronic items, computer hardware and software, communications devices, and tools.

22.    In addition to the physical equipment, Meridian provided substantial intellectual property, including information protectable as trade secrets of Meridian, to Defendants Lefevre, Royere, Clothier, Lesh, and Garrett.

23.    Sometime in or about February or March 2017, one or more of Defendants Lefevre, Royere, Clothier, Lesh, and Garrett removed Meridian's property from the Florida facilities without the permission or authorization of Meridian.  Upon information and belief, such property was removed to one or more locations controlled by Defendants Lefevre, Royere, Clothier, Lesh, and Garrett.

24.    On March 29, 2017, Meridian filed a police report detailing the theft of property with the Clearwater, Florida police department.  The police report number is 17-44501.

25.    As of the filing of this complaint, Plaintiffs' property (including its critical software systems and hardware) has not been returned to Meridian.

26.    In or about late March 2017, some or all of Defendants Lefevre, Royere, Clothier, Lesh, and Garrett created Coast Autonomous LLC with Defendants Sussmann, Dowd, and Hickey in Pasadena, California, for the purpose of, among other things, using Meridian's physical property and intellectual property (including trade secrets) to compete directly with Meridian for customers.

27. In or about late June 2017, at least Defendant Lefevre formed eMapscan LLC, a Florida limited liability company, for the purpose of pursing his illegal use of Plaintiffs' trade secrets, property, and intellectual property.

28. Upon information and belief, Defendants Sussmann, Hickey, and Dodd assisted some or all of Defendants Lefevre, Royere, Clothier, Lesh, and Garrett in the creation of Coast Autonomous and its use and/or exploitation of Meridian's physical equipment and intellectual property.

### COUNT 1—THEFT AND CONVERSION

29. Plaintiffs incorporate by reference the above paragraphs 1–28.

30. Plaintiffs had title and possession of Meridian's physical equipment and intellectual property at the Florida facilities. Meridian was the tenant of record for the Florida facilities and had possession of the Florida facilities. In addition, Meridian had both title and possession of the materials in Florida facilities, including as a purchaser or lessor.

31. Plaintiffs had every expectation that Defendants Lefevre, Royere, Clothier, Lesh, and Garrett would act as agents for Plaintiffs in safeguarding the materials in the Florida facilities for Meridian.

32. Defendants Lefevre, Royere, Clothier, Lesh, and Garrett removed the Meridian property from the Florida facilities and deprived Plaintiffs of possession of that property. Upon information and belief, Defendant Coast Autonomous has possession of some or all of the Meridian property from the Florida facilities and continues to deprive Plaintiffs of possession of that property.

33. Upon information and belief, Defendants Hickey, Dowd, and Sussman have aided and abetted the conversion of the Meridian property from the Florida facilities by the other defendants.

34. Plaintiffs have been injured by the theft and conversion of the property from the Florida facilities because, among other things, they can no longer use that property and Defendants are using that property to compete against the Plaintiffs.

## COUNT 2—BREACH OF DUTY OF LOYALTY

35. Plaintiffs incorporate by reference the above paragraphs 1–34.

36. Pursuant to the relationship between Meridian and Defendants Lefevre, Royere, Clothier, Lesh, and Garrett, there arose a duty of loyalty to Meridian. Meridian provided Defendants Lefevre, Royere, Clothier, Lesh, and Garrett with facilities, equipment, and intellectual property to do their work for Meridian. Meridian entrusted to Defendants Lefevre, Royere, Clothier, Lesh, and Garrett, and they accepted, the responsibility to act on Meridian's behalf as to the facilities, equipment, and intellectual property of Meridian. Among other things, Meridian entrusted Defendants Lefevre, Royere, Clothier, Lesh, and Garrett with the care, maintenance, and security of the Florida facilities and their content. Plaintiffs provided Defendants Lefevre, Royere, Clothier, Lesh, and Garrett with the only set of keys to the Florida facilities.

37. Defendants Lefevre, Royere, Clothier, Lesh, and Garrett breached their duty of loyalty to Meridian by, among other things, stealing/converting Meridian's physical equipment and intellectual property, using Meridian's physical equipment and intellectual property to form Coast Autonomous, and competing against Meridian in the field of autonomous vehicles.

38. Meridian was damaged by the conduct of Defendants Lefevre, Royere, Clothier, Lesh, and Garrett because it lost the use and control of its physical equipment and intellectual property and because Coast Autonomous is now competing against it in the field of autonomous vehicles.

## COUNT 3—MISAPPROPRIATION OF TRADE SECRETS UNDER FEDERAL AND NEW YORK LAW

39. Plaintiffs incorporate by reference the above paragraphs 1–38.

40. Plaintiffs have at all relevant times possessed information related to the development of autonomous vehicles that allows them to compete in the market for such vehicles. Such information includes Plaintiff Meridian's technology that can be incorporated

into electric vehicles through conversion from manual to autonomous operation and also can be embedded into any moving transportation asset.

41. Plaintiffs' methodology, integration processes, and implementation of 100% driverless technology was not known to competitors in the market. Plaintiffs kept this technology secret and did not disclose it to third parties outside of their autonomous vehicle project.

42. Plaintiffs' technology has value to Plaintiffs because it differentiates their products from competitors and allows Plaintiffs to deliver higher quality and more effective autonomous vehicles to customers than its competition. This technology also is valuable because it makes Plaintiffs more attractive to investors because the technology is not known to other autonomous vehicle companies.

43. Defendants Lefevre, Royere, Clothier, Lesh, and Garrett were given access to the Plaintiffs' technology and were under a duty to maintain its secrecy. Defendants Lefevre, Royere, Clothier, Lesh, and Garrett, however, took the trade secrets of plaintiffs with them to their new company, Coast Autonomous, without the permission of Plaintiffs and their use of the technology has not been authorized by Plaintiffs.

44. Defendants Hickey, Dowd, and Sussman have aided and abetted Defendants Lefevre, Royere, Clothier, Lesh, and Garrett and have conspired with them in misappropriating Plaintiffs' trade secrets.

45. Plaintiffs have been harmed by or are threatened with harm by Defendants' misappropriation of Plaintiffs' trade secrets, including by the loss of customers and potential customers and investors or potential investors.

**COUNT 4—BREACH OF CONTRACT (CONFIDENTIALITY AGREEMENT)**

46. Plaintiffs incorporate by reference the above paragraphs 1–45.

47. On or about April 28, 2016, Defendant Lefevre and Plaintiffs entered into a "Confidentiality Agreement."

48. By its terms, the Confidentiality Agreement applied to Defendant Lefevre as a "party" and "the directors, officers, employees, agents, partners or advisors of such party." Upon information and belief, Defendants Royere, Clothier, Lesh, Garrett, Hickey, Sussman, and Dodd are, at least, employees, agents, partners or advisors of Defendant Lefevre.

49. Pursuant to the Confidentiality Agreement, Plaintiffs disclosed to Defendants Lefevre, Royere, Clothier, Lesh, and Garrett certain trade secret and confidential information related to autonomous vehicles, including software platforms, hardware integration, communication systems, navigation systems, installation and commissioning information, and the certification of safety systems.

50. Further pursuant to the Confidentiality Agreement, Defendants were prohibited from using confidential information disclosed by Plaintiffs for any purpose other than "evaluating a Possible Transaction."

51. Upon information and belief, Defendants have used Plaintiffs' confidential information in violation of the Confidentiality Agreement by, among other things, using that information to form Coast Autonomous and compete against Plaintiffs.

**COUNT 5—BREACH OF EMPLOYMENT AGREEMENT**

52. Plaintiffs incorporate by reference the above paragraphs 1–51.

53. On or about November 2016, at least Defendant Garrett entered into an Employment Agreement with Plaintiffs.

54. Pursuant to the Employment Agreement, Defendant Garrett agreed that:

> all discoveries, inventions, improvements, data, design, formulae, ideas, know-how, process, program, techniques and trade secrets, whether patentable or unpatentable or registered under similar statutes, conceived or made by the Employee, either alone or in conjunction with others, emanating from or relating to his functions with Meridian Autonomous

8

Inc. and its affiliates collectively ("Inventions") shall be the sole and exclusive property of Meridian Autonomous Inc. and its affiliates.

55. Upon information and belief, Defendant Garrett did not treat the information described above as the exclusive property of Plaintiffs and instead transferred it to Defendants.

56. Plaintiffs were harmed by Defendant Garrett's conduct because it caused them to lose possession of the inventions and other intellectual property, which has intrinsic value, and to lose customers or potential customers as well as investors of potential investors.

## COUNT 6—UNFAIR COMPETITION UNDER NEW YORK LAW

57. Plaintiffs incorporate by reference the above paragraphs 1–56.

58. Defendants have contributed to, intentionally induced, facilitated, and conspired to convert and steal Plaintiffs' property and misappropriate Plaintiffs' trade secrets, among other things and in so doing have misappropriated the labor, skill, and expenditures of Plaintiffs.

59. Pursuant to New York common law, Defendants are required to disgorge and restore to Plaintiffs all profits and property acquired by means of Defendants' unfair competition.

60. Due to the Defendants conduct, Plaintiffs have suffered irreparable harm, suffered injury in fact, and have lost money or property as a result of Defendants' acts of unfair business practices alleged herein. It may be difficult to ascertain the amount of money damages that would afford Plaintiffs adequate relief at law for Defendants' acts. Plaintiffs' remedy at law may not be adequate to compensate it for its injuries. Accordingly, Plaintiffs are entitled to preliminary and permanent injunctive relief pursuant to New York law.

61. On information and belief, Defendants conduct has been intentional and willful and in conscious disregard of Plaintiffs' rights and, therefore, Plaintiffs are entitled to their attorneys' fees.

## COUNT 7—UNFAIR COMPETITION UNDER NEW YORK LAW

62. Plaintiffs incorporate by reference the above paragraphs 1–61.

63. Defendants have been enriched by their receipt of Plaintiffs' property, including both tangible and intangible property.

64. Defendants' acquisition of Plaintiffs' property was at the expense of Plaintiffs and deprived Plaintiffs of the full value, use, and enjoyment of the property.

65. The actions of Defendants in acquiring Plaintiffs' property occurred under circumstances that were improper and unlawful, and as a result equity and good conscience demand that Defendants return the property to Plaintiffs along with any money gained in connection therewith.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request this Court to:

A. Enter judgment for Plaintiffs that Defendants have committed theft and conversion of Plaintiff's property in the Florida facilities;

B. Enter judgment for Plaintiffs that Defendants have breached their duty of loyalty to Plaintiffs;

C. Enter judgment for Plaintiffs that Defendants have misappropriated Plaintiffs' trade secrets;

D. Enter judgment that Defendants have breached the Confidentiality Agreement;

E. Enter judgment for Plaintiffs that Defendant Garret has breached the Employment Agreement;

F. Enter judgment for Plaintiffs that Defendants have committed unfair competition;

G. Enter judgment for Plaintiffs that Defendants are liable for unjust enrichment;

H. Issue a permanent injunction enjoining Defendants from further wrongdoing, including continued possession of Plaintiffs' property;

I. Order that Defendants pay damages of at least $75,000 to Plaintiffs, including at least compensatory damages;

J. Order that Defendants return Plaintiffs' property;

K. Award Plaintiffs their attorneys' fees;

L. Award Plaintiffs interest and costs;

M.  Award Plaintiffs pre-judgment interest; and

N.  Order such other relief as the Court deems appropriate.


Dated:  August 2, 2017                    Respectfully submitted,

/s/ *Perry R. Clark*
Perry R. Clark (*Pro Hac Vice Forthcoming*)
Email: perry@perryclark.com
Law Offices of Perry R. Clark
825 San Antonio Road
Palo Alto, CA 94303
Tel.: 650-248-5817

*Attorneys for Plaintiffs*
MERIDIAN AUTONOMOUS, INC., MERIDIAN USA, and GLOBAL RESOURCE MANAGEMENT CONSULTANCY

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: August 2, 2017              Respectfully submitted,

/s/ *Perry R. Clark*
Perry R. Clark (*Pro Hac Vice Forthcoming*)
Email: perry@perryclark.com
Law Offices of Perry R. Clark
825 San Antonio Road
Palo Alto, CA 94303
Tel.: 650-248-5817

*Attorneys for Plaintiffs*
MERIDIAN AUTONOMOUS, INC., MERIDIAN USA, and GLOBAL RESOURCE MANAGEMENT CONSULTANCY