UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x
                              :

MERIDIAN AUTONOMOUS, INC.,         :
MERIDIAN USA and GLOBAL          :
RESOURCES MANAGEMENT            :
CONSULTANCY INC.,                  :
                              :
             Plaintiffs,        :
                              :
v.                                :    17 Civ. 05846 (VSB)
                              :
COAST AUTONOMOUS LLC, PHOENIX  :
WINGS, LTD., EMAPSCAN LLC, PIERRE  :
LEFEVRE, MATTHEW LESH, COREY    :
CLOTHIER, CYRIL ROYERE, JONATHAN  :
GARRETT and ADRIAN SUSSMANN,    :
                              :
             Defendants.      :
                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
## MOTION TO DISMISS

### HICKEY SMITH LLP

David M. Hickey
Peter E. Perkowski
23 E. Colorado Blvd., Suite 203
Pasadena, CA 91105
Tel: (626) 737-9495
Fax: (626) 737-6223

Christian E. Dodd
10752 Deerwood Park Blvd., Suite 100
Jacksonville, FL 32256
Tel./Fax: (904) 374-4238

*Counsel for Defendants Coast Autonomous LLC,
Phoenix Wings, Ltd., Emapscan LLC, Pierre
Lefevre, Matthew Lesh, Corey Clothier, Cyril
Royere, and Adrian Sussmann*

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................... 1

PROCEDURAL POSTURE .................................................................................... 2

FACTS .................................................................................................................... 2

ARGUMENT .......................................................................................................... 3

I.      The Complaint should be dismissed for lack of personal jurisdiction. .............................. 3

      A.      Legal standards ................................................................................3

      B.      There is no personal jurisdiction over Lefevre, eMAPscan, Sussmann, Clothier, Lesh, Royere, and Phoenix Wings. ...............................................5

            1.      Pierre Lefevre ............................................................................. 5

            2.      eMAPscan ................................................................................. 8

            3.      Individual Defendants (Sussmann, Clothier, Lesh, Royere)..................... 9

            4.      Phoenix Wings ....................................................................... 10

II.     The Complaint should be dismissed for improper venue. ................................. 11

      A.      Legal standard ................................................................................11

      B.      Venue is improper as to all claims and defendants. ................................11

III.    The Complaint should be dismissed for insufficient service of process. .......................... 14

      A.      The Individual Defendants were improperly served..............................14

      B.      Phoenix Wings was improperly served.............................................15

IV.    The Defense of Trade Secrets Act claim is insufficiently pleaded and should be dismissed for failure to state a claim........................................................ 16

V.     The Court lacks subject-matter jurisdiction over the state-law claims. .......................... 17

CONCLUSION........................................................................................................ 17

# Table of Authorities

*Agency Rent a Car Sys. v. Grand Rent a Car Corp.*
   98 F.3d 25 (2d Cir. 1996) ................................................................................................... 3

*American Express Centurion Bank v. Zara,*
   199 Cal. App. 4th 383 (2011) ........................................................................................... 14

*American Homecare Fed'n v. Paragon Sci. Corp.,*
   27 F. Supp. 2d 109 (D. Conn. 1998) ................................................................................. 11

*Ballard v. Tyco Int'l, Ltd.,*
   2005 U.S. Dist. LEXIS 16054, at \*20-212005 ................................................................. 16

*Barrow v. Sutton,*
   2014 U.S. Dist. LEXIS 191677 (S.D. Tex. July 16, 2014) ................................................12

*Beattie & Osborn LLP v. Patriot Sci. Corp.,*
   431 F. Supp. 2d 367 (S.D.N.Y. 2006) ................................................................................ 8

*Brockmeyer v. May,*
   383 F.3d 798 (9th Cir. 2004) ..................................................................................... 14, 16

*Burger King Corp. v. Rudzewicz,*
   471 U.S. 462 (1985) .................................................................................................... 5, 6

*Cave Consulting Grp., Inc. v. Truven Health Analytics Inc.,*
   2017 WL 1436044 (N.D. Cal. Apr. 24, 2017) ................................................................... 16

*Constr. Tech., Inc. v. Lockformer Co.,*
   704 F. Supp. 1212 (S.D.N.Y. 1989) ................................................................................. 13

*Donohue v. Team Rensi Motorsports, LLC,*
   2002 U.S. Dist. LEXIS 20312, 2002 WL 32341953 (E.D. Pa. Oct. 10, 2002) ....................... 6

*Elsevier, Inc. v. Grossman,*
   77 F. Supp. 3d 331 (S.D.N.Y.2015) ............................................................................. 7, 8

*Gary Friedrich Enters., LLC v. Marvel Enters., Inc.,*
   2011 U.S. Dist. LEXIS 30685, 2011 WL 1142916, at \*6 (S.D.N.Y. Mar. 22, 2011) ........... 11

*Gottschalk v. City & County of San Francisco,*
   964 F. Supp. 2d 1147 (N.D. Cal. 2013) ....................................................................... 14-15

*Grasso v. Bakko,*
   570 F. Supp. 2d 392 (N.D.N.Y. 2008) ......................................................................... 12, 14

*Handelsman v. Bedford Village Assocs. Ltd. P'ship,*
   213 F.3d 48 (2d Cir. 2000) .............................................................................................. 17

*Hoffritz For Cutlery, Inc. v. Amajac, Ltd.*,
    763 F.2d 55 (2d Cir. 1985) ..................................................................................... 4, 5

*Ikon Office Solutions, Inc. v. Rezente*,
    2010 U.S. Dist. LEXIS 10096, 2010 WL 395955, at *3 (E.D. Pa. Feb. 3, 2010) ................. 13

*In re Ski Train Fire in Kaprun*
    Austria, 230 F. Supp. 2d 403 (S.D.N.Y. 2002) ........................................................ 4

*International Shoe Co. v. Washington*,
    326 U.S. 310 (1945) ............................................................................................ 4

*Kiobel v. Royal Dutch Petroleum Co.*,
    621 F.3d 111 (2d Cir. 2010) .............................................................................. 10

*Knit With v. Knitting Fever, Inc.*,
    2010 U.S. Dist. LEXIS 70412, 2010 WL 2788203 (E.D. Pa. July 13, 2010) .................. 5

*Martin E. Segal Co. v. Barton*,
    612 F. Supp. 935 (S.D.N.Y. 1985) ....................................................................... 7

*McGowan v. Smith*,
    52 N.Y.2d 268 (1981) ........................................................................................ 4

*McKee Electric Co. v. Rauland-Borg Corp.*,
    20 N.Y.2d 377 (1967) ........................................................................................ 4

*Metro. Life Ins. Co. v. Robertson-Ceco Corp.*,
    84 F.3d 560 (2d Cir. 1996) ................................................................................. 3

*Pa. Pub. Sch. Emples. Ret. Sys. v. Morgan Stanley & Co.*,
    772 F.3d 111, 117-118 (2d Cir.2014) ................................................................. 17

*Porina v. Marward Shipping Co.*,
    521 F.3d 122 (2d Cir.2008) ................................................................................ 6

*Premier Group, Inc. v. Bolingbroke*,
    2015 U.S. Dist. LEXIS 97645, 2015 WL 4512313 (D. Colo. July 27, 2015) .................. 13

*Ralph Cole Hardware v. Ardowork Corp.*,
    986 N.Y.S.2d 445 (1st Dep't 2014) ................................................................. 4, 5

*Seneca Ins. Co. v. Boss*,
    681 N.Y.S.2d 529 (App. Div. 1998) ..................................................................... 6

*Spank! Music & Sound Design, Inc. v. Hanke*,
    2005 U.S. Dist. LEXIS 4507, 2005 WL 300390 (N.D. Ill. Feb. 7, 2005) ...................... 15

*United States DOJ v. Hudson*,
    626 F.3d 36 (2d Cir.2010) .................................................................................. 9

*West Pub. Co. v. McColgan*,
    138 F.2d 320 (9th Cir. 1943) ................................................................................. 17

*Wheeldin v. Wheeler*,
    373 U.S. 647 (1963) ............................................................................................. 17

**Statutes**

United States Code

       18 USC § 1836 ...................................................................................................... 16

       28 USC § 1391 ................................................................................................ 11-14

New York *Civil Practice Law and Rules*

       CPLR 301 ........................................................................................................... 4, 5

       CPLR 302 ........................................................................................................... 4-6

Federal Rules of Civil Procedure

       Fed. R. Civ. P. 4 ................................................................................................... 15

California *Code of Civil Procedure*

       CCP Section 415.20(b) .................................................................................. 14, 15

## INTRODUCTION

This hastily-filed action followed close on the heels of a suit that some defendants initially filed in the Central District of California against plaintiffs here. That defendants rushed this retaliatory action into court is evident from the numerous procedural and substantive defects in the Complaint. These defects, described below, require that the Complaint be dismissed.

First, the Court lacks personal jurisdiction over all defendants here (except Coast). None of these defendants have continuous, permanent, and substantial activity in New York such that they would be subject to general jurisdiction. And specific jurisdiction does not exist either: only one defendant, Pierre Lefevre, has any contacts with New York related to the claims, and those contacts are not voluntary, continuous, or purposely directed to New York. Nor is there a substantial connection between plaintiffs' claims (conversion and misappropriation of trade secrets that occurred in Florida and California) and the only business allegedly transacted by a defendant in New York (a Confidentiality Agreement signed nearly one year earlier).

Venue is also improper in New York. Not all defendants are residents of New York, and New York is not where a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated. But there are other districts—the Middle District of Florida, and especially the Central District of California—where venue is appropriate.

In addition, substituted service was defective with respect to defendants Matthew Lesh, Cyril Royere, Adrian Sussmann, and Corey Clothier, and mail service was defective for defendant Phoenix Wings, Ltd. The Complaint should be dismissed against these defendants for improper service of process.

Finally, the Defend Trade Secrets Act ("DTSA") claim is inadequately pleaded and should be dismissed for failure to state a claim. And consequently, the state-law claims should be dismissed because complete diversity is lacking: defendant Coast Autonomous LLC is a citizen of New York, as are several plaintiffs.

In light of the foregoing, defendants respectfully request dismissal of the Complaint.

## PROCEDURAL POSTURE

The Complaint was filed on August 2, 2017. (Doc. 16.) On September 14, 2017, defendants Christian Dodd and David Hickey were voluntarily dismissed after service of a Rule 11 motion upon plaintiffs' counsel. (Doc. 64.) On October 11, 2017, this Court issued a temporary stay in this action pending resolution of motions in a first-filed action in the Central District of California involving the same parties and the same issues. (Doc. 73.) The California action was ordered transferred to this Court and the stay was lifted. On November 30, 2017, this Court issued a briefing schedule on defendants' motions to dismiss the Complaint. (Doc. 85.)

## FACTS

The Complaint alleges the following:  defendants Lefevre, Lesh, Royere, and Clothier worked as employees of plaintiff Meridian.[1] (Compl. ¶ 19.) Phoenix Wings was the alter ego of Lefevre in his dealings with Meridian and GRMC. (*Id.*) Meridian secured facilities in Florida where Lefevre, Royere, Clothier, and Lesh worked on the development of autonomous vehicles. (*Id.* ¶ 20.) In or about February or March 2017, Lefevre, Royere, Clothier and Lesh removed physical and intellectual property and equipment belonging to plaintiffs from the Florida facility without plaintiffs' authorization or permission. (*Id.* ¶¶ 22-23.) As of August 2017, such property had not been returned to Meridian. (*Id.* ¶ 25.)

---

[1] Plaintiffs' characterization of Lesh, Royere, Clothier and Lefevre as Plaintiffs' employees is refuted by their Declarations. (Royere Decl. ¶ 8; Clothier Decl. ¶ 10; Lesh Decl. ¶ 8; Lefevre Decl. ¶ 5.)

In March 2017, Lefevre, Royere, Clothier, and Lesh created defendant Coast Autonomous LLC. Plaintiffs further allege that defendants Lefevre, Royere, Clothier, Lesh and Sussmann created Coast to use property and trade secrets obtained from the alleged theft of the Florida facility in order to compete with Meridian. (*Id*. ¶ 26.) In June 2017, Lefevre formed defendant eMAPscan LLC, a Florida limited liability company, for the purpose of illegally using plaintiffs' trade secrets and property.  (*Id*. ¶ 27.)

In or about April 28, 2016, Lefevre and plaintiffs entered into a "Confidentiality Agreement" ("NDA") whereby they agreed to mutually disclose various trade secrets and confidential information related to autonomous vehicles for the sole purpose of evaluating a "Possible Transaction." (*Id*. ¶¶ 47, 50.)  Plaintiffs claim that defendants breached the NDA when defendants used plaintiffs' property and trade secrets to form Coast and compete against plaintiffs. (*Id*. ¶ 51.)

## ARGUMENT

### I.    The Complaint should be dismissed for lack of personal jurisdiction.

Plaintiffs have failed to plead facts sufficient to demonstrate that the Court has personal jurisdiction over defendants Lefevre, eMAPscan, Sussmann, Clothier, Lesh, Royere, and Phoenix Wings. The Complaint should thus be dismissed as to these defendants.

#### A.    Legal standards

Plaintiffs bear the burden of showing that the court has personal jurisdiction over each defendant. *See Metro. Life Ins. Co. v. Robertson-Ceco Corp*., 84 F.3d 560, 566 (2d Cir. 1996). Plaintiff must establish personal jurisdiction over each defendant in New York under either a general or specific jurisdiction theory. Thereafter, such exercise of personal jurisdiction must be examined under the Due Process clause of the U.S. Constitution.  *Agency Rent a Car Sys. v. Grand Rent a Car Corp*. 98 F.3d 25 (2d Cir. 1996).

For general jurisdiction under N.Y. CPLR 301, plaintiffs must make a prima facie showing that defendant is "doing business in New York through evidence of 'a voluntary, continuous and self-benefitting course of conduct.'" *See Ralph Cole Hardware v. Ardowork Corp.*, 986 N.Y.S.2d 445, 446 (1st Dep't 2014). "New York courts . . . have focused upon factors including the existence of an office in New York; the solicitation of business in the state; the presence of bank accounts and other property in the state; and the presence of employees of the foreign defendant in the state." *Hoffritz For Cutlery, Inc. v. Amajac, Ltd.*, 763 F.2d 55, 58 (2d Cir. 1985). "Casual or occasional activity does not constitute doing business; rather, CPLR § 301 requires a showing of continuous, permanent, and substantial activity in New York." *In re Ski Train Fire in Kaprun Austria*, 230 F. Supp. 2d 403, 407 (S.D.N.Y. 2002) (internal quotation marks omitted).

New York CPLR 302(a)(1), the long-arm statute, gives courts personal jurisdiction over a nondomiciliary if two conditions are met: first, the nondomiciliary must "transact business" within the state; second, the claim against the nondomiciliary must arise out of that business activity. *See McGowan v. Smith*, 52 N.Y.2d 268, 272 (1981). An "articulable nexus between the business transacted and the cause of action sued upon" is essential. *Id.* A nondomiciliary "transacts business" under CPLR 302(a)(1) when he "'purposefully avails [himself] of the privilege of conducting activities within [New York], thus invoking the benefits and protections of its laws,'" *McKee Electric Co. v. Rauland-Borg Corp.*, 20 N.Y.2d 377, 382 (1967).

Finally, personal jurisdiction over a defendant must also comport with federal due process protections. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

> "[T]he facts of each case must [always] be weighed" in determining whether personal jurisdiction would comport with "fair play and substantial justice." The "quality and nature" of an interstate transaction may sometimes be so "random," "fortuitous," or "attenuated" that it

4

cannot fairly be said that the potential defendant "should reasonably anticipate being haled into court" in another jurisdiction.

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 485-86 (1985) (citations and footnotes omitted).

### B.   There is no personal jurisdiction over Lefevre, eMAPscan, Sussmann, Clothier, Lesh, Royere, and Phoenix Wings.

Under the standards set out above, the Court lacks jurisdiction over defendants Lefevre, eMAPscan, Sussmann, Clothier, Lesh, Royere, and Phoenix Wings.

#### 1.   Pierre Lefevre

There are no facts that would establish personal jurisdiction over Lefevre.

The facts alleged are not sufficient to show that Lefevre has "continuous, permanent, and substantial activity in New York" as required for general jurisdiction under CPLR 301. He does not live in New York, and does not have a residence, address, bank account, or property of any kind here. (Lefevre Decl. ¶¶ 2, 6.) Nor does he regularly conduct business in New York—and certainly not to the level that he be considered "'doing business' in New York, through a voluntary, continuous and self-benefitting course of conduct, sufficient to render him subject to the general jurisdiction of this State's courts." *Ralph Cole Hardware v. Ardowork Corp.*, 986 N.Y.S.2d 445, 446 (App. Div. 2014). In the last ten years, in fact, Lefevre has been to New York only about six or seven times. (Lefevre Decl. ¶ 7) The infrequency of these visits militate against a finding of general personal jurisdiction under CPLR 301. *See Hoffritz*, 763 F.2d at 57-58 (54 visits to New York insufficient). As do the circumstances of the visits; at least five of them were at the request of plaintiffs' principal, Lincoln Satkunarajah (Lefevre Decl. ¶ 8), showing that Lefevre's contacts were neither continuous nor voluntary. *See infra.*

The facts are also insufficient to show that Lefevre is subject to specific jurisdiction under New York's long-arm statute, CPLR 302(a)(1). Again, CPLR 302(a)(1) requires a showing that a defendant "purposely avails" himself of the privilege of doing business in the

state; when determining purposeful availment, the defendant's contacts with the forum state must be voluntary—that is, not based on the unilateral actions of another party or a third person. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985); *accord Porina v. Marward Shipping Co*., 521 F.3d 122, 128 (2d Cir.2008) (the unilateral activities of third parties cannot, in themselves, satisfy the requirement of contact with the forum for jurisdictional purposes).

Plaintiffs allege no facts that would establish purposeful availment; they merely recite the language of purposeful availment by rote. (Compl. ¶ 15.)  The facts are to the contrary, however; the bulk of Lefevre's visits to New York were at Satkurnarajah's request, and thus not voluntary. *See, e.g.*, *Seneca Ins. Co. v. Boss*, 681 N.Y.S.2d 529, 530 (App. Div. 1998) (finding no personal jurisdiction where Colorado defendant's attendance at two meetings in New York was not the result of her own free choice). Lefevre's business activities that plaintiffs say form the basis of their claims—the negotiations over the Proposed Transaction described in the Complaint—weren't even directed to New York alone: face-to-face meetings took place in Las Vegas, Nevada, Tampa, Florida, London, and France in addition to New York, and e-mails concerning the negotiations were exchanged by Lefevre and Satkunarajah while Satkunarajah was in the Middle East. Lefevre Decl. at ¶¶ 9, 10. Since New York was not the sole, or even a central, locus of such negotiations, the small number of contacts here cannot support even specific jurisdiction. *See, e.g.*, *Donohue v. Team Rensi Motorsports, LLC*, 2002 U.S. Dist. LEXIS 20312, at *17, 2002 WL 32341953 (E.D. Pa. Oct. 10, 2002) (no personal jurisdiction in Pennsylvania where, among other things, significant contractual negotiations took place in face-to-face meetings outside Pennsylvania).

Moreover, there is no nexus between plaintiffs' claims and Lefevre's contacts with New York. To satisfy the nexus requirement, a defendant's contacts must be "substantially related" to

a plaintiff's claim. *See Elsevier, Inc. v. Grossman*, 77 F. Supp. 3d 331, 344-45 (S.D.N.Y.2015).

This test is not satisfied by a remote causal connection between a defendant's forum activity and

a plaintiff's claim. *See Martin E. Segal Co. v. Barton*, 612 F. Supp. 935, 937 (S.D.N.Y. 1985).

No such substantial relation is alleged in the Complaint. At bottom, plaintiffs' claims amount to

an alleged conversion of plaintiffs' property in Florida (Compl. ¶¶ 30-34), and misappropriation

of trade secrets by defendant Coast—an LLC formed in and based out of California (*id*. ¶¶ 3,

43). Any relationship between those claims and Lefevre's forum activities is not "substantial"; it

is barely present at all with respect to negotiation of the Proposed Transaction, and non-existent

as to the conversion claim (Compl. ¶ 23). Specific jurisdiction does not exist for this reason as

well.

       Even if minimum contacts can be established, the exercise of personal jurisdiction over

Lefevre does not comport with due process. Lefevre's contacts with New York were not

continuous, systematic or substantial; they are unrelated to the claims in the Complaint. Under

these circumstances, it would be an affront to traditional notions of fair play and substantial

justice to require Lefevre to defend this action in New York. Given his limited contacts with

New York and the numerous locations where he and Satkunarajah negotiated the Proposed

Transaction, Lefevre could not reasonably have anticipated having to defend himself here. Also,

New York's interest in this matter is nominal, as it involves alleged wrongs that occurred in

Florida. Plaintiffs' interest in convenient and effective relief is not diminished where, as here,

another judicial district—the Middle District of Florida—has unquestionable personal

jurisdiction and venue over Lefevre. For all these reasons, this court should not exercise personal

jurisdiction over Lefevre.

### 2.    eMAPscan

The Complaint does not allege facts sufficient to exercise personal jurisdiction over eMAPscan either.

First, general jurisdiction is not supported. The Complaint alleges that eMAPscan LLC is a Florida limited liability company with a Florida address. (Compl. ¶ 5.) It alleges no other facts—such as an office, property, bank accounts, or employees in New York, or soliciting business here—that would demonstrate "continuous, permanent, and substantial activity in New York." So the Court lacks general jurisdiction over eMAPscan.

Second, specific jurisdiction likewise is not supported. Plaintiffs claim that eMAPscan is subject to specific personal jurisdiction because it transacted business in New York through its agent, Lefevre, and the claims arise out of that business. (Doc. 51, at 1.) But this argument is contradicted by the Complaint, which alleges that Lefevre is a *principal* of eMAPscan. (Compl. ¶ 6.) Even absent this inconsistency, the claim of agency is unfounded and thus cannot support personal jurisdiction over eMAPscan.

To state an agency relationship between Lefevre and eMAPscan for the purposes of personal jurisdiction, plaintiffs must allege that eMAPscan (1) consented and had knowledge of Lefevre's New York contacts, (2) eMAPscan benefited from such activities, and (3) eMAPscan exercised "extensive" control over Lefevre with respect to those activities. *See, e.g.*, *Elsevier*, 77 F. Supp. 3d at 345; *Beattie & Osborn LLP v. Patriot Sci. Corp.*, 431 F. Supp. 2d 367, 389 (S.D.N.Y. 2006). Such agency allegations are not made in the Complaint, so the Court cannot exercise personal jurisdiction over eMAPscan based on Lefevre's purported status as an agent.[2]

---

[2] Plaintiffs are also expected to argue that eMAPscan is subject to jurisdiction because it is an "affiliate" of Lefevre under the NDA. Even if true, that fact does nothing to establish the prerequisites of personal jurisdiction—specifically, transacting business in New York that is substantially related to the claims asserted.

Plaintiffs cannot make such allegations in an amended complaint either. Lefevre's New York activity predated eMAPscan's formation; this fact alone renders plaintiffs' agency claim untenable. *See United States DOJ v. Hudson*, 626 F.3d 36, 39 (2d Cir.2010) ("The parties to an agency relationship are the principal and the agent, and an agent cannot exist without a then-existing principal."). In short, even if Lefevre is somehow eMAPscan's agent, the Court cannot exercise personal jurisdiction over the entity based on activity that took place before the entity even existed. No amount of pleading, or jurisdictional discovery, will change that fact. Exercising jurisdiction under these circumstances would violate due process.

### 3.      Individual Defendants (Sussmann, Clothier, Lesh, Royere)

Personal jurisdiction over the Individual Defendants is lacking for the same reasons set forth above as to eMAPscan

Plaintiffs make no substantive jurisdictional allegations against the Individual Defendants; indeed, they appear to have disclaimed any theory of general jurisdiction against these defendants. Instead, they claim specific jurisdiction by asserting that the Individual Defendants transacted business in New York through their alleged agent, Lefevre. (Doc. 61 at 2.) But again, plaintiffs do not allege facts sufficient to show an agency relationship—that is, that the Individual Defendants (1) consented and had knowledge of Lefevre's New York contacts, (2) benefited from such activities, and (3) exercised "extensive" control over Lefevre in the negotiation, execution and performance of the NDA. *See supra*. Plaintiffs cannot cure this deficiency through amendment or jurisdictional discovery: the Individual Defendants declare

without equivocation that such agency relationship did not exist.  (Lesh Decl. ¶ 6; Sussmann

Decl. ¶ 6; Royere Decl. ¶ 6; Clothier Decl. ¶ 6.) Specific jurisdiction does not exist.[3]

####           4.      Phoenix Wings

The Court also lacks personal jurisdiction over Phoenix Wings.

The Complaint does not allege facts required to establish general jurisdiction in New

York over Phoenix Wings. To the contrary, the Complaint alleges that "Phoenix Wings is a

United Kingdom company with its principal place of business in London, England" (Compl.

¶ 4); it provides no other allegations that could possibly amount to a showing of a voluntary,

continuous, and self-benefitting course of conduct by the company. Accordingly, plaintiffs fail to

make a prima facie case for general jurisdiction.

The Complaint fails to allege sufficient facts to make out specific jurisdiction against

Phoenix Wings. There are no allegations that Phoenix Wings transacted business in New York.

Rather, plaintiffs alleged that "Defendant Lefevre operated under the guise of and as the alter ego

of Phoenix Wings in his dealings with Meridian and GRMC." (Compl. ¶ 19; *see also* Doc. 84

at 2.)  But that is it; the Complaint's alter ego allegations contain no specific facts to support the

alter-ego assertion and would, if true, establish the alter-ego relationship. The bare allegation,

alone, cannot form the basis of alter-ego liability. *Kiobel v. Royal Dutch Petroleum Co.*, 621

F.3d 111, 195 (2d Cir. 2010) (stating that "a claim sufficient to overcome the presumption of

separateness afforded to related corporations is not established by the bare allegation that one

corporation dominated and controlled another" (citation and internal quotation marks omitted)).

---

[3] Plaintiffs are also expected to argue that the Individual Defendants are subject to jurisdiction because they are agents, employees, or affiliates of Lefevre under the NDA. Again, that fact—even if true—does not relate to much less establish the requirements of specific jurisdiction.

It is therefore also insufficient to support a finding of specific personal jurisdiction over Phoenix

Wings.[4]

## II.     The Complaint should be dismissed for improper venue.

The Court should also dismiss this action because venue is improper in this district.

### A.     Legal standard

Venue is governed by 28 U.S.C. § 1391(b) which provides:

> A civil action may be brought in—
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). In a case involving multiple claims and multiple defendants, the plaintiff

has the burden of establishing that venue is proper as to each claim and each defendant.

*American Homecare Fed'n v. Paragon Sci. Corp.*, 27 F. Supp. 2d 109, 111 (D. Conn. 1998).

### B.     Venue is improper as to all claims and defendants.

None of the subsections of 28 U.S.C. § 1391(b) provide for venue in this district.

Subsection (1) does not apply because "all defendants" are not residents of the State of New

York. (Lesh Decl. ¶ 2 (Virginia resident); Sussman Decl. ¶ 2 (U.K. resident); Clothier Decl. ¶ 2

(Michigan resident); Royere Decl. ¶ 2 (resident of France); Lefevre Decl. ¶ 2 (resident of

France).) Subsection (2) does not apply because a "substantial part of the events" did not occur

---

[4]  The Court should dismiss the alter ego allegations under Rule 12(b)(6) for failure to state a claim. "[D]ismissal of an alter ego claim at the pleading stage is appropriate where 'the pleadings are devoid of any specific facts or circumstances supporting' the assertion of alter ego liability." *Gary Friedrich Enters., LLC v. Marvel Enters., Inc.*, 2011 U.S. Dist. LEXIS 30685, at *17, 2011 WL 1142916, at *6 (S.D.N.Y. Mar. 22, 2011) (quoting *De Jesus v. Sears, Roebuck & Co*., 87 F.3d 65, 70 (2d Cir. 1996)).

11

in this judicial district,[5] and none of the property—much less a "substantial part" of the property that is the subject of this action—is not situated here.  Compl. ¶¶ 3, 32, 43.  And as set forth below, subsection (3) does not apply because there is another district in which this action "may otherwise be brought as provided" in § 1391(b): namely, the Middle District of Florida and the Central District of California.

*Count 1 – Conversion against Lefevre and the Individual Defendants*: The Middle District of Florida is the proper venue for plaintiffs to pursue their conversion claim, because the physical property allegedly converted was located in that district and that is where the conversion allegedly occurred. *See* 28 U.S.C. § 1391(b)(2); *Grasso v. Bakko*, 570 F. Supp. 2d 392, 397 (N.D.N.Y. 2008) (in breach of contract action, venue ruled improper in Northern District of New York where defendant was not a New York resident and a substantial part of the events constituting breach of contract took place in Wisconsin).

Alternatively, the Central District of California is a proper venue for these claims. Plaintiffs allege that Coast is a California company with its principal place of business in Pasadena, California (Compl. ¶ 3), and that "Coast Autonomous has possession of some or all of the Meridian property from the Florida facilities and continues to deprive Plaintiffs of possession of that property" (Compl. ¶ 32).  Consequently, plaintiffs' allegations support a finding that venue for their claim to recover property lies in the Central District of California under § 1391(b)(2). *See, e.g.*, *Barrow v. Sutton*, 2014 U.S. Dist. LEXIS 191677, at *7 (S.D. Tex. July 16, 2014) (venue proper in judicial district where disputed tangible personal property was located).

---

[5]  Plaintiffs are expected to argue that venue is proper in New York under § 1391(b)(2) because the NDA was negotiated at least in part in New York and that performance under that agreement occurred at least in part in New York. (Doc. 51 at 2.) As discussed above in connection with the analysis of personal jurisdiction, there is no factual basis for that argument.

*Count 3 – Misappropriation of Trade Secrets against Lefevre and the Individual Defendants*: Plaintiff's trade-secret misappropriation claim is properly venued in California based on the allegation that defendants "took the trade secrets of plaintiffs with them to their new company, Coast Autonomous, without the permission of Plaintiffs and their use of the technology has not been authorized by Plaintiffs." (Compl. ¶ 43.) Venue for trade-secret misappropriation lies in the judicial district where unauthorized use of the trade secret takes place. *The Premier Group, Inc. v. Bolingbroke*, 2015 U.S. Dist. LEXIS 97645, at *22, 2015 WL 4512313 (D. Colo. July 27, 2015) (venue improper in Colorado where defendants' actions in forwarding plaintiff's information to their personal email accounts—presumably the prelude to disclosure—appears to have taken place in Utah); *Ikon Office Solutions, Inc. v. Rezente*, 2010 U.S. Dist. LEXIS 10096, at *8, 2010 WL 395955, at *3 (E.D. Pa. Feb. 3, 2010) (venue improper in Pennsylvania where, among other things, "defendants allegedly gained access to and misappropriated plaintiff's confidential information and trade secrets through their computers in California").

*Count 2 (Breach of Duty of Loyalty against Lefevre, Clothier, Royere, and Lesh), Count 4 (Breach of Contract against defendants), Counts 6 and 7 (Unfair Competition against defendants)*: Plaintiffs' other claims for unfair competition, breach of confidentiality agreement and unjust enrichment are also properly venued in California because they are all derivative of the conversion and misappropriation claims. *See, e.g., Constr. Tech., Inc. v. Lockformer Co.*, 704 F. Supp. 1212, 1218 (S.D.N.Y. 1989) (misappropriation of trade secrets is one form of unfair competition).

Finally, 28 U.S.C. § 1391(b)(3) is inapplicable here because this action may be brought in the Middle District of Florida or the Central District of California under 28 USC § 1391(b)(2).

*See Grasso*, 570 F. Supp. 2d at 397 (denying application of 28 USC § 1391 subsection (3) because there was another district in which action could have been brought under subsection (2)). Thus, venue in New York is improper with respect to all claims and defendants, and this action should be dismissed under Rule 12(b)(3).

## III. The Complaint should be dismissed for insufficient service of process.

Plaintiffs bear the burden of establishing the validity of service in accordance with Rule 4. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). Plaintiffs failed to properly serve defendants Sussmann, Clothier, Lesh, Royere, and Phoenix Wings. The Complaint should be dismissed as to those defendants under Rule 12(b)(5).

### A. The Individual Defendants were improperly served.

Plaintiffs failed to properly serve the Individual Defendants Sussmann, Clothier, Lesh, and Royere. Plaintiffs claim to have effected substitute service under Cal. Code Civ. P. § 415.20(b), but they failed to do what was required to satisfy that method of service.

First, plaintiffs did not attempt personal delivery before performing substitute service. Under Section 415.20(b), "personal delivery must be attempted in all cases where this alternative method of service is used." Cal. Code Civ. P. § 415.20, cmt. Thus, an individual may be served by substitute service only after a good faith effort at personal service has first been made: the burden is on the plaintiff to show that the summons and complaint "cannot with reasonable diligence be personally delivered" to the individual defendant. Cal. Code Civ. P. § 415.20(b); *see also American Express Centurion Bank v. Zara*, 199 Cal. App. 4th 383, 389 (2011). Here, the proof of service makes no mention of any effort to personally serve the Individual Defendants (Docs. 53, 56, 57, 58), and thus service of process was improper. *See Gottschalk v. City & County of San Francisco,* 964 F. Supp. 2d 1147, 1166 (N.D. Cal. 2013).

14

Second, plaintiffs did not complete substitute service according to the requirements of the statute. Section 415.20(b) requires mailing the summons and complaint; failure to do so renders service ineffective:

> [Plaintiff] failed to properly effect substitute service as she failed to follow up the delivery of the summons and complaint by mailing copies of the same to the address where her process server left them.

*Gottschalk,* 964 F. Supp. 2d at 1166. The Complaint should be dismissed for this reason as well.

Finally, plaintiffs have the burden to show that the Pasadena address where Individual Defendants were sub-served is Individual Defendants' usual place of business. *See Spank! Music & Sound Design, Inc. v. Hanke,* 2005 U.S. Dist. LEXIS 4507, at *10, 2005 WL 300390 (N.D. Ill. Feb. 7, 2005). The term "usual place of business" indicates a defendant's customary place of employment as well as his own business enterprise. *See* Cal. Code Civ. P. § 415.20, cmt. Here, plaintiffs cannot meet that burden: the Pasadena address is not Individual Defendants' usual place of business. (Sussmann Decl. ¶ 4 (customary and usual place of business in U.K.); Royere Decl. ¶ 4 (customary and usual place of business in France); Lesh Decl. ¶ 4 (customary and usual place of business in Virginia); Clothier Decl. ¶ 4 (customary and usual place of business in Michigan).) The Complaint should be dismissed for this reason as well.

**B.    Phoenix Wings was improperly served.**

Plaintiffs also failed to properly serve Phoenix Wings. The Complaint should be dismissed under Rule 12(b)(5) as to this defendant as well.

Phoenix Wings is a foreign defendant. Rule 4 authorizes service abroad "using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt." Fed. R. Civ. P. 4(f)(2)(C)(ii). "[B]y its plain terms, Rule 4(f)(2)(C)(ii) requires that the Clerk of Court perform the mailing." *Knit With v. Knitting Fever, Inc.*, 2010 U.S. Dist. LEXIS 70412, at *1, 2010 WL 2788203 (E.D. Pa. July 13, 2010); *see also Brockmeyer v. May*, 383 F.3d 798,

15

808 (9th Cir. 2004) ("Service by international mail is affirmatively authorized by Rule 4(f)(2)(C)(ii), which requires that service be sent by the clerk of the court, using a form of mail requiring a signed receipt.").

Here, the proof of service does not reflect compliance with this requirement. Rather, it shows only that Phoenix Wings was served with the Complaint *by plaintiffs' counsel* using Federal Express. (Doc. 79.) This is insufficient. Because there was no evidence that plaintiffs complied with these requirements, service of process as to Phoenix Wings was invalid under Rule 4. *Ballard v. Tyco Int'l, Ltd.*, 2005 U.S. Dist. LEXIS 16054, at *20-21, 2005 D.N.H. 115 (D.N.H. Aug. 4, 2005) (dismissing case for improper mail service on English defendant).

## IV.    The DTSA claim is insufficiently pleaded and should be dismissed for failure to state a claim.

Plaintiffs fail to adequately plead a claim under the Defend Trade Secrets Act, 18 USC § 1836 ("DTSA"). The Court should dismiss that claim under Rule 12(b)(6). The DTSA "creates a cause of action for the 'owner of a trade secret that is misappropriated . . . if the trade secret is related to a product or service used in, or intended for use in, interstate or foreign commerce.'" *Cave Consulting Grp., Inc. v. Truven Health Analytics Inc.*, 2017 WL 1436044, at *3 (N.D. Cal. Apr. 24, 2017) (quoting 18 U.S.C. § 1836(b)(1)). To state a claim, therefore, a plaintiff must allege an interstate-commerce nexus.

Plaintiffs here have not pleaded a nexus to interstate commerce. Rather, plaintiffs merely identify their alleged trade secret—information related to the development of autonomous vehicles (Compl. ¶ 40)—and alleges that certain defendants misappropriated it (Compl. ¶ 43). The claim fails without an allegation of nexus. The DTSA claim should be dismissed.

**V.      The Court lacks subject-matter jurisdiction over the state-law claims.**

The Court should dismiss the state-law claims with the sole federal claim. Neither federal-question nor diversity jurisdiction exists to give this Court authority to hear the claims.

Federal courts have limited jurisdiction; they may "hear and determine only such causes as the Congress has by statute provided." *West Pub. Co. v. McColgan*, 138 F.2d 320, 323 (9th Cir. 1943). If a complaint does not make out a case over which a federal court may exercise jurisdiction, the court does not have jurisdiction. *See Wheeldin v. Wheeler*, 373 U.S. 647, 649-50 (1963). As grounds for federal subject matter jurisdiction, plaintiffs assert a federal question—the DTSA claim—and diversity jurisdiction.  (Compl. ¶14.)  With the dismissal of the DTSA claim, there is no federal question. But there is no diversity jurisdiction either.

Diversity jurisdiction requires complete diversity—that is, all defendants are citizens of different states than all plaintiffs. *Pa. Pub. Sch. Emples. Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 117-118 (2d Cir.2014).  Plaintiffs allege that they are New York citizens. (Compl. ¶¶ 1-2.) For the purposes of diversity jurisdiction, a limited liability company is a citizen of every state of which its members are citizens. *See Handelsman v. Bedford Village Assocs. Ltd. P'ship*, 213 F.3d 48, 51-52 (2d Cir. 2000). Here, Coast is a citizen of New York because it has members who are New York citizens. (Doc. 81.) So diversity jurisdiction will not lie.

## CONCLUSION

Defendants respectfully request dismissal on all the grounds stated above.

Dated: December 8, 2017                    **HICKEY SMITH LLP**

                                           By:  /s/ David M. Hickey
                                           David M. Hickey
                                           Peter E. Perkowski
                                           23 E. Colorado Blvd., Suite 203
                                           Pasadena, CA 91105
                                           Tel: (626) 737-9495
                                           Fax: (626) 737-6223

Christian E. Dodd
10752 Deerwood Park Blvd., Suite 100
Jacksonville, FL 32256
Tel./Fax: (904) 374-4238

*Counsel for Defendants Coast Autonomous LLC,
Phoenix Wings, Ltd., Emapscan LLC, Pierre
Lefevre, Matthew Lesh, Corey Clothier, Cyril
Royere, and Adrian Sussmann*

## CERTIFICATE OF SERVICE

I hereby certify that on December 8, 2017, I caused this document to be electronically filed with the Clerk of the Court using the CM/ECF System of the U.S. District Court for the Southern District of New York, which will send notification of such filing to, constituting service of this document on, all filing users.

_/s/ David M. Hickey_____